FILED
FEB - 1 2018
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

OMAR ANCHICO MOSQUERA, *et al.*, )
)
              Plaintiffs, )
)
v.                             )         Civ. No. 17-2160 (UNA)
)
UNITED STATES OF AMERICA, *et al.*, )
)
              Defendants. )

## MEMORANDUM OPINION

The plaintiffs are federal prisoners who "have been convicted pursuant to the federal drug statutes" and whose sentences reflect "the 100 to 1 enhanced penalties for crack cocaine." Compl. at 8. Generally, the plaintiff allege that such "enhanced penalties [are] racially discriminative against African Americans." *Id.*; *see id.* ¶¶ 24-33. They purport to bring a class action demanding declaratory and injunctive relief. *See id.* at 5; *see also id.* ¶¶ 58-76.

One or more members of a class may sue on behalf of all members under specified conditions. *See* Fed. R. Civ. P. 23(a). In order to obtain certification of a class, the prospective class representative "bear[s] the burden of showing that a class exists, that all four prerequisites of Rule 23(a) of the Federal Rules of Civil Procedure have been met and that the class falls within at least one of the three categories of Rule 23(b) of the Federal Rules of Civil Procedure." *Pigford v. Glickman*, 182 F.R.D. 341, 345 (D.D.C. 1998). Of particular importance here is the requirement that the prospective class representative "fairly and adequately protect the interests of the class." Fed. R. Civ .P. 23(a)(4). Plaintiffs are without legal training, and therefore cannot represent the interests of the proposed class of inmates. *See Heard v. Caruso*, 351 Fed. App'x 1, 15 (6th Cir. 2009); *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (per curiam) ("[It]

it is plain error to permit this imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action."); *Abdus-Shahid M.S. Ali v. U.S. Parole Comm'n*, 2007 U.S. Dist. LEXIS 20777, at *16 (D.D.C. Mar. 23, 2007) (concluding "that a *pro se* litigant is not a suitable class representative"), *aff'd*, No. 07-5134, 2007 U.S. App. LEXIS 27270, at *1 (D.C. Cir. Nov. 23, 2007) (per curiam).

The Court grants the plaintiff's applications to proceed *in forma pauperis*. While the Court "may authorize the commencement . . . of any suit, action or proceeding . . . without prepayment of fees . . . by a person . . . ," 28 U.S.C. § 1915(a)(1), it cannot permit any *pro se* litigant to prosecute a case in federal court on behalf of others. *See* 28 U.S.C. § 1654; Fed. R. Civ. P. 23(g). Therefore, the Court dismisses the complaint and this civil action without prejudice and denies the plaintiff's remaining motions without prejudice. An Order is issued separately.

DATE: ~~January~~ February 1, 2018

United States District Judge